1   STEPHANIE YONEKURA
    Acting United States Attorney
2   LEON W. WEIDMAN
    Assistant United States Attorney
3   Chief, Civil Division
    ELAN S. LEVEY (State Bar No. 174843)
4   Assistant United States Attorney
        Federal Building, Suite 7516
5       300 North Los Angeles Street
        Los Angeles, California 90012
6       Telephone: (213) 894-3997
        Facsimile: (213) 894-7819
7       E-mail: elan.levey@usdoj.gov

8   Attorneys for United States Trustee, erroneously identified as U.S. Trustee Loan Servicer

9                   UNITED STATES BANKRUPTCY COURT

10              FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                          RIVERSIDE DIVISION

12  | In re | Case No. 6:14-bk-21437-WJ |
13  | ELLIOTT R. RODRIGUEZ, | Chapter 7 |
14  | Debtor. | |
15  | ELLIOTT R. RODRIGUEZ, | Adv. No. 6:15-ap-01045-WJ |
16  | Plaintiff, | **UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** |
17  | vs. | |
18  | HELEN R. FRAZER; and U.S. TRUSTEE LOAN SERVICER, | |
19  | Defendants. | [Fed.R.Bankr.P. 7012] |
20  | | Date: April 2, 2015 |
21  | | Time: 11:00 a.m. |
    | | Place: Courtroom 304 |
22  | | 3420 Twelfth Street |
    | | Riverside, CA 92501 |

23  **TO THE HONORABLE WAYNE JOHNSON, U.S. BANKRUPTCY JUDGE, PLAINTIFF, AND**

24  **ALL PARTIES IN INTEREST:**

25          **PLEASE TAKE NOTICE** that on April 2, 2015 at 11:00 a.m., or as soon thereafter as the

26  matter may be heard, in Courtroom 304 of the United States Bankruptcy Court, located at 3420 Twelfth

27  Street, Riverside, CA 92501, United States Trustee, erroneously identified as U.S. Trustee Loan

28  Servicer, a defendant ("UST") in the above-referenced adversary proceeding "(Adversary Proceeding)",

1    respectfully moves this Court under Federal Rules of Civil Procedure ("FRCP") 12(b)(6), made

2    applicable to this adversary proceeding by Federal Rules of Bankruptcy Procedure ("FRBP"), Rule

3    7012(b)(6), for the entry of an order dismissing the Adversary Proceeding against the UST, for failure

4    to state a claim upon which relief may be granted, without leave to amend ("Motion").

5        **PLEASE TAKE FURTHER NOTICE** that the Motion is made pursuant to FRBP 7012(b)(6)

6    because the complaint filed by Elliott R. Rodriguez, *pro se* plaintiff herein ("Plaintiff") should be

7    dismissed against the UST because Plaintiff can prove no set of facts that would entitle him to relief.

8        The Motion is based upon this Notice and the Motion, the attached Memorandum of Points and

9    Authorities, the Request for Judicial Notice, and upon such other evidence that may be presented at the

10    time of hearing.

11        **PLEASE TAKE FURTHER NOTICE** that any opposition and response to the Motion, in the

12    form required by Local Bankruptcy Rule 9013-1(f)(1), must be filed and served on the United States

13    Trustee, not later than fourteen (14) days before the date designated for hearing.

14        **PLEASE TAKE FURTHER NOTICE** that failure to file and serve a response or opposition

15    may be deemed by the Court to be consent to the granting of the Motion.

16

17    Dated: February 24, 2015                    Respectfully submitted,

18                                STEPHANIE YONEKURA
                                Acting United States Attorney
19                                LEON W. WEIDMAN
                                Assistant United States Attorney
20                                Chief, Civil Division

21

22                                   */s/  Elan S. Levey*
                                ELAN S. LEVEY
23                                Assistant United States Attorney

24                                Attorneys for United States Trustee

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     STATEMENT OF FACTS

On September 11, 2014, Elliott R. Rodriguez, the *pro se* debtor and plaintiff herein ("Plaintiff") commenced a voluntary Chapter 7 petition for relief under the U.S. Bankruptcy Code. *See* Request for Judicial Notice ("RJN"), Exh. "1". On December 11, 2104, Plaintiff filed an *Emergency Motion to Cancel/Postpone Sale, Vacate Final Judgment and Request an Evidentiary Hearing Based Upon Fraud on the Court* ("Emergency Motion") (Docket No. 11). *See* RJN, Exh. "2". The Emergency Motion sought relief from the foreclosure of Plaintiff's scheduled residential real property located at 4216 Wheeler Street, Riverside, CA 92503 ("Real Property"). On January 6, 2015, this Court entered an Order Denying the Emergency Motion (Docket No. 13). *See* RJN, Exh. "3".

Ten days later, on or about January 16, 2015, Plaintiff filed a complaint ("Complaint") in the Superior Court of California, County of Riverside, entitled *Elliott R. Rodriguez v. Helen R. Frazer and U.S. Trustee Loan Servicer*, as Case No. RIC 1500518 ("State Court Action"). *See* RJN, Exh. "5". Co-defendant Helen R. Frazer is the duly appointed Chapter 7 Trustee of Plaintiff's bankruptcy estate ("Chapter 7 Trustee"). The Complaint purports to seek an injunction of a pending (or concluded) foreclosure sale of the Real Property as well as unspecified damages and attorney's fees.

Plaintiff served the UST with a copy of the Summons and Complaint on or about January 20, 2015. *See* RJN, Exh. "5". The UST did not file a responsive pleading to the Complaint. Instead, on February 9, 2015, the UST filed a *Notice of Removal* of the State Court Action (Docket No. 1) to the U.S. Bankruptcy Court, which adversary proceeding was assigned Adv. No. 6:15-ap-01045-WJ ("Adversary Proceeding"). *See* RJN, Exh. "4". A status conference in the Adversary Proceeding is currently set for April 2, 2015 at 11:00 a.m. *See* RJN, Exh. "4".

### II.     STANDARD FOR MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)

In ruling on a motion brought pursuant to Rule 12(b)(6), the Court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw reasonable inferences from them in favor of the non-moving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995), citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The Court need not, however, accept as true unreasonable

3

1    inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining*

2    *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), cert denied, 454 U.S. 1031 (1981).

3        Further, a court "need not assume the truth of legal conclusions cast in the form of factual

4    allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir. 1986), and a court must

5    not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have

6    violated . . . laws in ways that have not been alleged." *Associated General Contractors of California,*

7    *Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L. Ed. 2d 723

8    (1983).    Moreover, a court need not permit an attempt to amend if "it is clear that the complaint could

9    not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946

10    (9th Cir. 2005).

11        A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or

12    "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v. Pacifica Police*

13    *Dept.,* 901 F.2d 696, 699 (9th Cir. 1988).  Further, a Rule 12(b)(6) motion to dismiss is a challenge to

14    the sufficiency of the pleadings set forth in the complaint.  Therefore, a court "will dismiss any claim

15    that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required

16    elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal.

17    1998).  In practice, "a complaint . . . must contain either direct or inferential allegations respecting all

18    the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v.*

19    *Twombly*, 550 U.S. 544,562, 127 S. Ct. 1955, 1969, 1964 65, 167 L. Ed. 2d 929 (2007) (quoting *Car*

20    *Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

21        Once it is determined that a complaint has not met the basic standards, a court need not permit

22    an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid*

23    *Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d at 946.

24    **IV.**    **ARGUMENT**

25        Plaintiff's Complaint against the UST should be dismissed for failure to state a claim upon

26    which relief may be granted because the UST is not the proper party against whom relief should be

27    sought.  The Complaint seeks compensatory damages and injunctive relief against the UST and the

28    Chapter 7 Trustee for the alleged wrongful foreclosure (or sale) of Plaintiff's Real Property.  (*See* RJN,

1    Exh. "5"). The Complaint states that Plaintiff executed a deed of trust in favor of Provident Savings

2    Bank, F.S.B as security for the promissory note he executed. *See* RJN, Exh. "5", p. 13, Paragraphs 6-7.

3    Plaintiff further alleges that other lenders or servicers refused to process his loan modification

4    application and recorded a Notice of Default/Notice of Sale on or about December 2013 (pre-petition).

5    *Id.*, Paragraphs 9-12. Ultimately, Plaintiff alleges that his loan modification application was denied and

6    the Real Property placed into foreclosure, which he was able to postpone for a short time. *Id.*, at p. 14.

7    As a result, Plaintiff seeks injunctive relief to prevent further continuation of the foreclosure process

8    pursuant to various state code provisions as well as unspecified damages for violation of those same

9    provisions. *See* Exh. "5", generally.[1]

10        The Complaint raises similar allegations as Plaintiff's Emergency Motion, which this Court

11    recently denied. The Emergency Motion also sought relief from this Court to cancel or postpone a

12    December 16, 2014 foreclosure sale of the Real Property. *See* RJN, Exh. "2". Additionally, Plaintiff

13    sought a finding that the unidentified "Lenders/Trustee" committed a fraud upon the Court because they

14    did not properly hold a mortgage against the Real Property and therefore did not have authority to

15    proceed with the foreclosure. *See* RJN, Exh. "2", p. 1.

16        Plaintiff's request for relief in connection with the Real Property injunction is not properly

17    sought as against the UST (or the Chapter 7 Trustee). Instead, Plaintiff should seek relief against the

18    foreclosing bank, servicer, and/or other entity that holds a security interest in the Real Property. The

19    UST is not a security interest holder in the Real Property and does not (and did not) make any

20    determination as to foreclosure of the Real Property. The UST is not involved in such process.

21        Courts cannot require a federal agency or official to perform a function it is not clearly

22    authorized by law to perform. *See McWhorter v. Kennedy*, 324 F.2d 793, 794 (8th Cir. 1963); *Blaney v.*

23    *U.S.*, 34 F.3d 509, 514 (7th Cir. 1994), citing, *Dunes Council v. Alexander*, 584 F.2d 158, 162 (7th Cir.

24    1978). Moreover, Federal Rule of Civil Procedure 12(b)(6) permits dismissal of unnecessary or

25    improper parties on the ground of failure to state a claim upon which relief may be granted. *Goulet v.*

26    *Schweiker*, 557 F. Supp. 1250 (D. Vt. 1983). Thus, any injunction or other form of relief against the

27

28    [1] The foreclosure status of the Real Property as of the filing of this Motion is presently unknown, particularly whether the foreclosure sale has already occurred.

5

1  UST would be improper.  *See Johnson v. Treasury*, 2008 U.S. App. LEXIS 24205, 7-8 (11th Cir. Nov.

2  26, 2008) No. 08-12823.   The UST has no liability for the foreclosure or sale of Plaintiff's Real

3  Property.

4       Plaintiff has not pled or established any facts sufficient to allow prosecution of the alleged

5  claims against the UST (or the Chapter 7 Trustee) in the Complaint.  Further, no amendment can cure

6  this deficiency.

7  **V.    CONCLUSION**

8       Based upon the foregoing, the Motion should be granted without leave to amend, pursuant to

9  Federal Rule of Bankruptcy Procedure 7012(b)(6), for failure to state a claim upon which relief may be

10  granted.  The UST further requests all other appropriate relief.

11

12  Dated: February 24, 2015                  Respectfully submitted,

13                                            STEPHANIE YONEKURA
                                              Acting United States Attorney
14                                            LEON W. WEIDMAN
                                              Assistant United States Attorney
15                                            Chief, Civil Division

16

17                                            ___/s/  Elan S. Levey_____
                                              ELAN S. LEVEY
18                                            Assistant United States Attorney

19                                            Attorneys for United States Trustee

20

21

22

23

24

25

26

27

28

1

## **REQUEST FOR JUDICIAL NOTICE**

2          Pursuant to Federal Rules of Evidence, Rule 201(b) and (d), the UST hereby requests that the

3    Court take judicial notice of the following:

4          1.    The complete docket as of February 24, 2015 of Plaintiff's bankruptcy case, bearing

5    Case No. 6:14-bk-21437-WJ, a true and correct copy of which is attached here to as Exhibit "1" and

6    incorporated herein by this reference, which docket references the following entries:

7                a.    *Emergency Motion to Cancel/Postpone Sale, Vacate Final Judgment and*

8    *Request an Evidentiary Hearing Based Upon Fraud on the Court* (Docket No. 11), filed on December

9    11, 2014, a true and correct copy of which (without supporting exhibits) is attached hereto as Exhibit

10   "2" and incorporated herein by this reference; and

11               b.    *Order Denying Emergency Motion to Cancel Postpone Sale, Vacate Final*

12   *Judgment and Request an Evidentiary Hearing Based Upon Fraud on the Court* (Docket No. 13),

13   entered on January 6, 2015, a true and correct copy of which is attached hereto as Exhibit "3" and

14   incorporated herein by this reference.

15         2.    The complete docket as of February 24, 2015 of the removed Superior Court action

16   pending as an adversary proceeding, entitled *Elliott R. Rodriguez v. Helen R. Frazer and U.S. Trustee*

17   *Loan Servicer*, bearing Adv. No. 6:15-ap-01045-WJ, a true and correct copy of which is attached hereto

18   as Exhibit "4" and incorporated herein by this reference, which docket references the following entry:

19               a.    *Notice of Removal* (Docket No. 1), filed on February 9, 2015, which pleading

20   contains the Superior Court Complaint as Exhibit "B", a true and correct copy of which is attached

21   hereto as Exhibit "5" and incorporated herein by this reference.

22   Dated: February 24, 2015                     Respectfully submitted,

23                                                STEPHANIE YONEKURA
                                                  Acting United States Attorney
24                                                LEON W. WEIDMAN
                                                  Assistant United States Attorney
25                                                Chief, Civil Division

26                                                  /s/  Elan S. Levey
                                                  ELAN S. LEVEY
27                                                Assistant United States Attorney
                                                  Attorneys for United States Trustee
28

# EXHIBIT 1

Repeat-cacb, RepeatPACER, NoFeeRequired

### U.S. Bankruptcy Court
### Central District Of California (Riverside)
### Bankruptcy Petition #: 6:14-bk-21437-WJ

|  |  |
|---|---|
| *Assigned to:* Wayne E. Johnson | *Date filed:* 09/11/2014 |
| Chapter 7 | *341 meeting:* 10/17/2014 |
| Voluntary | *Deadline for objecting to discharge:* 12/16/2014 |
| No asset | *Deadline for financial mgmt. course:* 12/16/2014 |

**Debtor**
**Elliott R Rodriguez**
4216 Wheeler Street
Riverside, CA 92503
RIVERSIDE-CA
SSN / ITIN: xxx-xx-8262
*aka* **Heleodoro R Rodriguez**

represented by **Elliott R Rodriguez**
PRO SE

**Trustee**
**Helen R. Frazer (TR)**
2901 W. Coast Highway, Suite 200
Newport Beach, CA 92663
(949) 500-6108

**U.S. Trustee**
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| 09/11/2014 | <u>1</u><br>(64 pgs) | Chapter 7 Voluntary Petition . Fee Amount $335 Filed by Elliot R Rodriguez (Olmos, Justin) WARNING: Incorrect Debtor's name entered. Debtor's name has been updated to reflect pdf. 341 (a) correctly sent 9/13/14 with correct name. Modified on 9/15/2014 (English, Melissa). (Entered: 09/11/2014) |
| 09/11/2014 |  | Judge Wayne E. Johnson added to case 6:14-bk-20000-WJ (Olmos, Justin) (Entered: 09/11/2014) |
|  | <u>2</u> | Meeting of Creditors 341(a) meeting to be held on |

| | | |
|---|---|---|
| 09/11/2014 | (4 pgs; 2 docs) | 10/17/2014 at 08:00 AM at RM 101, 3801 University Ave., Riverside, CA 92501. Cert. of Financial Management due by 12/16/2014. Last day to oppose discharge or dischargeability is 12/16/2014. (Olmos, Justin) (Entered: 09/11/2014) |
| 09/11/2014 | <u>3</u> | Statement of Social Security Number(s) (Official Form B21) Filed by Debtor Elliot R Rodriguez . (Olmos, Justin) (Entered: 09/11/2014) |
| 09/11/2014 | <u>4</u><br>(3 pgs) | Exhibit D (Official Form B1D) , Certificate of Credit Counseling Filed by Debtor Elliot R Rodriguez . (Olmos, Justin) (Entered: 09/11/2014) |
| 09/11/2014 | <u>5</u><br>(4 pgs) | Application to Proceed in forma pauperis Filed by Debtor Elliot R Rodriguez (Olmos, Justin) (Entered: 09/11/2014) |
| 09/11/2014 | <u>6</u><br>(1 pg) | Order Re: that Debtor(s) shall appear at hearing on Application for Waiver of the Chapter 7 Filing Fee. Hearing set for 9/15/2014 at 11:00 am in Courtroom 304. (BNC-PDF) Signed on 9/11/2014 (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 7) filed by Debtor Elliot R Rodriguez). (Olmos, Justin) (Entered: 09/11/2014) |
| 09/12/2014 | | Notice of Debtor's Prior Filings for debtor Elliott R Rodriguez Case Number <u>14-20000</u>, Chapter 7 filed in California Central Bankruptcy on 08/06/2014 , Dismissed for Failure to File Information on 08/26/2014; Case Number <u>01-18743</u>, Chapter 7 filed in California Central Bankruptcy on 05/18/2001 , Standard Discharge on 08/28/2001.(Admin) (Entered: 09/12/2014) |
| 09/13/2014 | <u>7</u><br>(3 pgs) | BNC Certificate of Notice (RE: related document(s) <u>2</u> Meeting of Creditors Chapter 7 No Asset) No. of Notices: 6. Notice Date 09/13/2014. (Admin.) (Entered: 09/13/2014) |
| 09/15/2014 | <u>8</u><br>(1 pg) | Order Denying Application To Proceed in forma pauperis. The debtor must pay the $335.00 filing fee according to the following terms: $335.00 on or before 9/15/14. Debtor paid $335.00 today. See receipt #60119950. (Related Doc # <u>5</u>). Signed on 9/15/2014. (English, Melissa) (Entered: 09/15/2014) |
| | | Receipt of Chapter 7 Filing Fee - $335.00 by 20. |

| 09/15/2014 | | Receipt Number 60119950. (admin) (Entered: 09/16/2014) |
|---|---|---|
| 09/23/2014 | 9 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Vigil, Darlene. (Vigil, Darlene) (Entered: 09/23/2014) |
| 09/23/2014 | 10 (1 pg) | Personal Financial Management Course Certificate for Debtor (Geving, Allison) (Entered: 09/23/2014) |
| 10/27/2014 | | Chapter 7 Trustee's Report of No Distribution: I, Helen R. Frazer (TR), having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned (without deducting any secured claims): $ 6228.00, Assets Exempt: Not Available, Claims Scheduled: $ 851322.98, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 851322.98. Filed by Trustee Helen R. Frazer (TR) (RE: related document (s)2 Meeting of Creditors 341(a) meeting to be held on 10/17/2014 at 08:00 AM at RM 101, 3801 University Ave., Riverside, CA 92501. Cert. of Financial Management due by 12/16/2014. Last day to oppose discharge or dischargeability is 12/16/2014.). (Frazer (TR), Helen) (Entered: 10/27/2014) |
| 12/11/2014 | 11 (92 pgs; 3 docs) | Emergency motion to cancel/postpone sale, vacate final judgment and request an evidentiary hearing based upon fraud on the court. Filed by Debtor Elliott R Rodriguez (Attachments: # 1 Exhibit A # 2 Exhibit B) (Green, Yolanda) (Entered: 12/11/2014) |
| | | |

| | | |
|---|---|---|
| 12/11/2014 | 12 | Hearing Set (RE: related document(s)11 Emergency motion filed by Debtor Elliott R Rodriguez) The Hearing date is set for 1/6/2015 at 01:00 PM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (Green, Yolanda) (Entered: 12/11/2014) |
| 01/06/2015 | 13 (2 pgs) | Order denying emergency motion to cancel postpone sale, vacate final judgment and request an evidentiary hearing based upon fraud on the court. See order for details (Related Doc # 11 ) Signed on 1/6/2015 (Gooch, Yvonne) (Entered: 01/06/2015) |
| 01/06/2015 | 14 (2 pgs) | Document Hearing Held re emergency motion to cancel postpone sale, vacate final judgment and request an evidentiary hearing based upon fraud on the court - motion denied (RE: related document(s) 11 Emergency motion filed by Debtor Elliott R Rodriguez) (Aguilar, Arleen) (Entered: 01/07/2015) |
| 01/08/2015 | 15 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)13 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 01/08/2015. (Admin.) (Entered: 01/08/2015) |
| 02/09/2015 | 16 (23 pgs) | Adversary case 6:15-ap-01045. Complaint by Elliott R Rodriguez against Helen R. Frazer, U.S. Trustee Loan Servicer. (Fee Not Required). *Notice of Removal Filed U.S. Trustee [with Proof of Service]* Nature of Suit: (01 (Determination of removed claim or cause)) (Levey, Elan) (Entered: 02/09/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/24/2015 09:10:41 | | |
| **PACER Login:** | lk0196:2588111:0 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** 6:14-bk-21437-WJ Fil or Ent: filed From: 11/26/2013 To: 2/24/2015 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |

| Billable Pages: | 3 | Cost: | 0.30 |
|---|---|---|---|

# EXHIBIT 2

# IN THE UNITED STATES BANKRUPTCY

## CENTRAL DISTRICT OF CALIFORNIA (RIVERSIDE)

**IN THE MATTER OF:**

**ELLIOTT R RODRIGUEZ**
**4216 WHEELER STREET**
**RIVERSIDE, CA 92503**
**PRO SE (951) 315-4744**

**CASE NO: 6:14-BK-21437- WJ**

**FILED**

DEC 11 2014

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

*HEARING DATE: JANUARY 6, 2015*
*TIME: 1.00 PM*
*Court Room 304*

**TRUSTEE:**

**HELEN R FRAZER (TR)**
**ATKINSON, ANDELSON, LOYA, RUUD & R**
**12800 CENTER COURT DRIVE, STE 300**
**CERRITOS, CA 90703**
**(562) 653 -3200**

**U.S. TRUSTEE:**
**UNITED STATES TRUSTEE**
**3801 UIVERSITY AVENUE, STE 720**
**RIVERSIDE, CA 92501**
**(951) 276 -6990**

---

## EMERGENCY MOTION TO CANCEL/POSTPONE SALE, VACATE FINAL JUDGMENT AND REQUEST AN EVIDENTIARY HEARING BASED UPON FRAUD ON THE COURT

Comes now, Elliott Rodriguez, and pursuant to California Rules of Civil Procedure, respectfully request this honorable court to Cancel/Postpone the sale date of December 16, 2014, vacate and set aside the order setting the sale date, and canceling the sale of the subject property and as grounds therefore says that the LENDERS/TRUSTEE committed a fraud upon the Court in that the LENDERS/TRUSTEE does not now and did not, at the time of the foreclosure, own the mortgage, the mortgage note, any security agreements, nor have the requisite power to represent the real party in interest, nor did the LENDERS/TRUSTEE allege facts in support thereof. This Emergency motion is not filed for the purposes of delay. The true facts (and consequent fraud perpetrated upon this Court by LENDERS/TRUSTEE) regarding the prior sale of the risk, servicing and ownership of the mortgage and note regarding the subject real property and alleged liability did not come to the attention of the undersigned defendant until the last few days.

The Trustee does not have the current authority to proceed with the sale or foreclosure, nor to defend the claims of the undersigned Petitioners because of events subsequent to closing that changed both the ownership and authority of the subject note and mortgage, the authority of the Trustee to represent the interests of the real parties in interest and the lack of documentation showing that the real party in interest can be established. The trustee, the lenders, the underwriters and the presence of third party investors."

The unique context in which this and other mortgages are being foreclosed on primary residential properties has left all affected parties in untenable positions resulting from rules which never contemplated these circumstances. None of the affected parties wish to see the subject property foreclosed, sold or the property abandoned. All of the parties affected have it in their interest to preserve and maintain the security of the asset which is the subject of the instant action. It therefore falls within the equitable powers of the Court to order mediation, and to require people with decision-making authority to appear at said mediation prior to the consideration of the current motion or any subsequent motion. (See Exhibit A attached)

WHEREFORE, Petitioners pray that this Honorable Court will vacate the sale and/or judgment, deny any motion or petition for eviction on the grounds of lack of jurisdiction over the parties or the subject property, order mediation, refer this matter for changes in the rules of civil procedure, and grant such other and further relief as the court may deem just and proper.

I HEREBY CERTIFY that a true and correct copy was sent by U.S. Mail to the following names, addresses and fax numbers this 10 day of December 2014.to opposing counsel at the following number Attn: RIC JUAREZ. ASSOCIATE DIRECTOR, Trustee Sale Officer. (866) 795-1852.

YOUR SIGNATURE: _____

State of California

County of Riverside

On 12/11 ,2014 before me, *Camille M Mallard*,a Notary Public, personally Appeared *Elliott R. Rodriguez*, Who proved to me on the basis of satisfactory evidence

To be the person (s) whose name (s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity

(ies) and they by his/hre/their signature(s) on the instrument the person(s) or the entity

Upon behalf of which the person(s) acted. Executed the instrument.

I certified under PENALTY OF PERJURY under the laws of the state CALIFORNIA that the

Foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Camille M Mallard_    (seal)

CAMILLE M. MALLARD
Commission # 1980976
Notary Public - California
Riverside County
My Comm. Expires Jul 2, 2016

## ORDERED AND ADJUDGED:

1. This Court reserves ruling and reserves jurisdiction to enter such orders on Petitioner's motion and matters attendant to the Motion and other issues presented in this Order.

2. The sale of the subject property is stayed under further order of this Court. The sale date is hereby cancelled.

3. Petitioner is ordered to maintain the property, pay the utilities and taxes, and to provide proof of same to the Trustee every month.

4. Upon motion of the Trustee, in compliance with the legal requirements of standing, competence, and proof of facts, the Trustee may apply for a hearing on motion to lift the Stay herein and reset the sale date if the Petitioner can be shown to have failed to adequately maintain the property, reasonable wear and tear excepted, pay the utilities and taxes, or upon entry of an order by this or an appellate court vacating this Order and remanding the case for further consideration.

5. The Trustee shall produce original documentation to the Court proving standing and authority to proceed under California statutes within ten (10) days from the date of entry of this court in the Court records. Time is of the essence. Failure of the trustee to file said documentation, including all original assignments or sales of the risk, security or debt specifically and expressly connected with this Petitioner and this Subject Property shall automatically constitute a dismissal with prejudice of the foreclosure, the sale, the eviction and any claim for past due payments from this Petitioner and shall relieve the Petitioner from the accrual or payments for principal or interest to any party until such original documentation is produced.

6. The parties are ordered into mediation within 180 days at which the Trustee shall provide proof which maybe used in these proceedings showing the compliance or lack thereof with the applicable laws and rules of the State of California, the Federal government or any agency in

connection with disclosures concerning, risk, fair market value, true cost of the loan, the true ultimate source of capital to fund the loan, and any changes in underwriting standards that were not disclosed to the Petitioner/Buyer and such documents shall also be filed with the Court at least ten (10) days prior to actual mediation. Failure of any affected party to appear at said medication shall constitute a waiver of any claim for payment, and claim for security or any other rights under the original transactions by which the loan documents were produced. The failure of any affected party to produce a person at the time and place of the mediation (which shall be set by order of the mediator) who is authorized to make a final decision regarding settlement shall constitute a non-appearance under this paragraph.

7. The mediator shall submit a written report of the agreement(s) of the parties which shall be approved and made binding by order of this Court upon proper notice and hearing of the parties.

8. This case is hereby referred to applicable rule-making committees and agencies that are empowered to make temporary or permanent changes in the rules of civil procedure to accommodate the overload of foreclosure cases pending before the California Court system. Toward that end, this Court suggests the following for consideration by said entities for temporary changes to the rules of civil procedure until the current mortgage meltdown crisis has passed:

### Emergency Provisional Rules

### Mortgage Foreclosures

These emergency rules of civil procedure apply to all foreclosures on all property, real or personal, initiated on or before January 1, 2007. No Judgment shall be executed, or if already executed, enforced, and no order of removal or eviction or seizure related to foreclosure shall be executed, or if already executed, enforced unless a Court of competent jurisdiction shall have executed an order finding as a matter of law and fact that the foreclosing party(ies) have complied with each and every provision contained herein.

1. Every Petition for Foreclosure and/or every action undertaken by a foreclosing party prior to seeking recovery or seizure, or occupancy of property, shall require the foreclosing party(ies) to file a verified complaint or affidavit alleging the facts supporting the claim for relief, executed by a person with actual knowledge of all facts alleged. The executing party on said verified Petition or affidavit shall affirmatively allege and actually be available for the taking of testimony by deposition or at an evidentiary hearing in the jurisdiction in which the property is located.

2. Each such Petition or Affidavit shall state the names and addresses of all parties involved in the loan transaction and shall be served under the rules governing service of process upon each of said parties as third party non-party litigants, if such parties were not the lender or borrower.

3. Each such Petition or Affidavit shall account for all funds that were passed through or to each party named in the action, the disposition thereof, and the manner and time in which the passage of said funds were dispersed, together with a citation to the mortgage documentation, including a quote of the relevant passages in the body of the Petition or Affidavit wherein said funds are disclosed and wherein said funds are authorized.

4. Each such Petition or Affidavit shall state with particularity whether any changes occurred after the closing of the subject loan transaction in which parties or persons were changed including the names and addresses of all parties and persons related to the transactions subject to the mortgage.

5. With respect to the sale or assignment or any joint or sharing arrangements concerning ownership, distribution of risk, or securitization in which the subject loan was referenced as collateral or otherwise, each such Petition shall state with particularity the details of each such transaction, the distribution or re-distribution of funds, and the documents employed by said parties after said closing.

6. Each and every such Petition or Affidavit shall affirmatively state that the foreclosing party(ies) have standing and authority to bring the action, defend counterclaims and answer affirmative defenses. The signature of the attorney on said, pleading shall be mandatory and shall constitute a representation to the COURT that the filing attorney has performed with proper due diligence to ascertain the truth of the allegations of legal standing and all other allegations.

7. Each such Petitioner or Affidavit shall be accompanied by attachments of the referenced documents to be included with the first service of such Petition or Affidavit.

8. Each such Petition or Affidavit shall state with particularity and specificity each disclosure made to the borrower and any third parties involved in the transaction under the Truth in Lending Act and the corresponding provision of the mortgage documents executed by the borrower which supports said disclosure.

9. Each such Petition or Affidavit shall state with particularity and specificity each disclosure made to the borrower and any third parties involved in the transaction under the Truth in Lending Act and the corresponding provision of the mortgage documents executed by the borrower which does not support said disclosure. If any allegation other than "none" is made under this paragraph, the foreclosing party(ies) shall state with specificity the law or fact upon which they should be excused from compliance.

10. Each such Petition or Affidavit shall attach a full and complete accounting of all money, value or funds transmitted, paid or or promised between all parties involved in the loan transaction before or after the loan transaction. In the event the borrower has been overcharged,

undercharged, or charged correctly, the Petition or Affidavit shall so state affirmatively, providing a full accounting of said funds.

11. No answer or response from the borrower shall be due unless and until the foreclosing party(ies) are incomplete and full compliance with the provisions of these rules. Any prior answer or response may be amended by the borrower after a determination is made that the foreclosing party(ies) are in full compliance. No prior Judgement, order or other document or rule shall prevent the borrower from filing a response or answer after the foreclosing party(ies) are found to be in compliance with these rules.

12. In the event that the foreclosing party(ies) fails or refuses to comply with these rules, the foreclosure shall be barred with prejudice and until the terms of the mortgage are determined with certainty by the Court by clear and convincing evidence, no payments to the mortgagee shall be due. This provision that not apply to payment to taxing authorities. In such event of delay caused by the the foreclosing party(ies) the court may fashion such equitable remedies as the Court deems fit in its discretion. for example, the Court could apply delinquent payments to the end of the mortgage, thus extending the terms.

13. In the event of non-compliance with these rules wherein the foreclosing party(ies) demonstrate to the Court the probability that they could amend their filing to conform to the requirements herein, the foreclosing party(ies) shall file an amended Petition or Affidavit on or before thirty (30) days from the date of the order of the Court allowing the amendment. Failure to file within the said thirty period shall be grounds for a mandatory immediate dismissal with prejudice.

14. In the event of the filing of a verified amended Petition or Affidavit, Borrower shall have ninety (90) days in which to answer or respond. Failure to answer or respond shall not relieve the burden of proof of the foreclosing party(ies) in compliance with state, local and Federal law, and in compliance with these rules. (See attached Affidavit)

15. The Court may grant attorney fees and costs to the prevailing party in each case where a motion or other filing occurs, wherein a determination is made in an adversary proceeding that the filing is in or out of compliance.

16. In the event a foreclosure has already been completed and all subsequent and customary actions have occurred and no bona fide third party has taken control or occupancy of the property, these rules may apply retroactively.

17. Once compliance has been established and the issues are joined, the Court shall enter an order requiring the parties to enter into a process of mediation. The purpose of the mediation shall be to fashion a settlement which provides relief and incentives for all affected parties, including non-Party litigants. Mediation shall take place no earlier than thirty (30) days after the entry of the mediation order, and not later than is reasonably possible given the volume of cases and the availability of competent mediators.

These rules are subject to review by the Court, but are effective immediately. Comments and applications to be heard shall be available in keeping with the usual and customary methods of proposed rule changes. Said rules shall be effective unless and until stated otherwise by the Court.

DONE AND ORDERED THIS _____DAY OF December, 2014 IN THE CITY OF _____, STATE OF California.

_____
District Judge

# EXHIBIT 3

1

2

3

4

5

6

7

FILED & ENTERED

JAN 06 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:14-bk-21437-WJ |
| ELLIOTT R. RODRIGUEZ, | CHAPTER 7 |
| Debtor. | **ORDER DENYING EMERGENCY MOTION TO CANCEL/POSTPONE SALE, VACATE FINAL JUDGMENT AND REQUEST AN EVIDENTIARY HEARING BASED UPON FRAUD ON THE COURT**<br><br>Hearing:<br>Date        January 6, 2015<br>Time:        1:00 p.m.<br>Crtrm.:        304 |

- 1 -

1

2  On January 6, 2015 at 1:00 p.m., the Court held a hearing regarding the motion of the

3 debtor, Elliott Rodriguez, entitled "Emergency Motion to Cancel/Postpone Sale, Vacate Final

4 Judgment and Request an Evidentiary Hearing Based Upon Fraud on the Court" ("Motion").  All

5 appearances were noted on the record.  For the reasons stated on the record, the Court denied the

6 Motion.

7  Accordingly, the Court hereby ORDERS as follows:

8  1. The Motion is denied for the reasons stated on the record.

9 IT IS SO ORDERED.

10          ###

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 Date: January 6, 2015

28

Wayne Johnson
United States Bankruptcy Judge

# EXHIBIT 4

NoFeeRequired

# U.S. Bankruptcy Court
## Central District Of California (Riverside)
## Adversary Proceeding #: 6:15-ap-01045-WJ

*Assigned to:* Wayne E. Johnson
*Lead BK Case:* 14-21437
*Lead BK Title:* Elliott R Rodriguez
*Lead BK Chapter:* 7
*Demand:*

*Date Filed:* 02/09/15

*Nature[s] of Suit:*  01 Determination of removed claim or cause

### Plaintiff
--------------------
**Elliott R Rodriguez**
4216 Wheeler Street
Riverside, CA 92503
SSN / ITIN: xxx-xx-8262

represented by **Elan S Levey**
Federal Build., Ste.7516
300 N Los Angeles St
Los Angeles, CA 90012
213-894-3997
Fax : 213-894-7819
Email: elan.levey@usdoj.gov

V.

### Defendant
--------------------
**Helen R. Frazer**

represented by **Helen R. Frazer**
PRO SE

### Defendant
--------------------
**U.S. Trustee Loan Servicer**

represented by **U.S. Trustee Loan Servicer**
PRO SE

### Trustee
--------------------
**Helen R. Frazer (TR)**
2901 W. Coast Highway, Suite 200

Newport Beach, CA 92663
(949) 500-6108

*U.S. Trustee*
------------------------

**United States Trustee (RS)**                    represented by **Elan S Levey**
3801 University Avenue, Suite 720                        (See above for address)
Riverside, CA 92501-3200
(951) 276-6990

| Filing Date | # | Docket Text |
|---|---|---|
| 02/09/2015 | <u>1</u><br>(23 pgs) | Adversary case 6:15-ap-01045. Complaint by Elliott R Rodriguez against Helen R. Frazer, U.S. Trustee Loan Servicer. (Fee Not Required). *Notice of Removal Filed U.S. Trustee [with Proof of Service]* Nature of Suit: (01 (Determination of removed claim or cause)) (Levey, Elan) (Entered: 02/09/2015) |
| 02/09/2015 | <u>2</u> | Notice *of Status Conference Re Removal of Action [LBR 9027-1]* Filed by U.S. Trustee United States Trustee (RS) (RE: related document(s)<u>1</u> Adversary case 6:15-ap-01045. Complaint by Elliott R Rodriguez against Helen R. Frazer, U.S. Trustee Loan Servicer. (Fee Not Required). *Notice of Removal Filed U.S. Trustee [with Proof of Service]* Nature of Suit: (01 (Determination of removed claim or cause)) filed by Plaintiff Elliott R Rodriguez). (Levey, Elan) Warning: Item subsequently amended by document no.3 Modified on 2/10/2015 (Green, Yolanda). (Entered: 02/09/2015) |
| 02/10/2015 | 3 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY. Filer to flatten the electronic file (i.e. to make the field data indistinguishable from the rest of the text in the form), print" the form to PDF (using the print dialogue box), and refile the resulting document. Filer to contact the ECF Support Desk for questions or instructions on how to flatten the electronic file.** (RE: related document(s)<u>2</u> Notice filed by U.S. Trustee United States Trustee (RS)) (Green, Yolanda) (Entered: 02/10/2015) |
|  | <u>4</u><br>(2 pgs) | Notice *of Status Conference Re Removal of Actoin [with Proof of Service]* Filed by U.S. Trustee United States |

| | | |
|---|---|---|
| 02/11/2015 | | Trustee (RS) (RE: related document(s)1 Adversary case 6:15-ap-01045. Complaint by Elliott R Rodriguez against Helen R. Frazer, U.S. Trustee Loan Servicer. (Fee Not Required). *Notice of Removal Filed U.S. Trustee [with Proof of Service]* Nature of Suit: (01 (Determination of removed claim or cause)) filed by Plaintiff Elliott R Rodriguez). (Levey, Elan) (Entered: 02/11/2015) |
| 02/11/2015 | 5 | Hearing Set Status Conference (RE: related document(s)1 Complaint filed by Plaintiff Elliott R Rodriguez) Status hearing to be held on 4/2/2015 at 11:00 AM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (Gooch, Yvonne) (Entered: 02/11/2015) |
| 02/20/2015 | 6 (2 pgs) | Notice of Status Conference Re Removal of Action Filed by U.S. Trustee United States Trustee (RS) (RE: related document(s)1 Adversary case 6:15-ap-01045. Complaint by Elliott R Rodriguez against Helen R. Frazer, U.S. Trustee Loan Servicer. (Fee Not Required). *Notice of Removal Filed U.S. Trustee [with Proof of Service]* Nature of Suit: (01 (Determination of removed claim or cause)) filed by Plaintiff Elliott R Rodriguez). (Gooch, Yvonne) (Entered: 02/20/2015) |
| 02/23/2015 | 7 (6 pgs) | Motion to Dismiss Adversary Proceeding Filed by Defendant Helen R. Frazer (Frazer (TR), Helen) (Entered: 02/23/2015) |
| 02/23/2015 | 8 (3 pgs) | Summons Service Executed on Elliott R Rodriguez 2/23/2015 (Levey, Elan) (Entered: 02/23/2015) |
| 02/23/2015 | 9 | Hearing Set (RE: related document(s)7 Motion to Dismiss Adversary Proceeding filed by Defendant Helen R. Frazer) The Hearing date is set for 4/2/2015 at 11:00 AM at Crtrm 304, 3420 Twelfth St., Riverside, CA 92501. The case judge is Wayne E. Johnson (Gooch, Yvonne) (Entered: 02/23/2015) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/24/2015 09:09:59 | | |
| PACER Login: | lk0196:2588111:0 | Client Code: |

# EXHIBIT 5

Elliot R. Rodriguez
4216 Wheeler St.
Riverside, CA 92503
(951) 315-4744

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 16 2015

V. Alvarado

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY RIVERSIDE, CENTRAL DISTRICT

| | |
|---|---|
| IN RE: ELLIOTT R. RODRIGUEZ | CASE NO:  RIC 1500518 |
| | COMPLAINT |
| ELLIOTT R. RODRIGUEZ, | |
| Petitioner | 1. Violation of California |
| | Homeowner's Bill of Rights |
| VS | 2. BUS. PROF. CODE §17200 |
| HELEN R. FRAZER, TRUSTEE, and | |
| US Trustee  Loan Servicer, | 3. OTHER CAUSES |
| Defendants | PETITIONER DEMAND JURY TRIAL |

Comes Now, Elliott R. Rodriguez, Petitioner, alleges as follows:

### I. Parties and Jurisdiction

1. Mr. Rodriguez, (hereafter the Homeowner or Petitioner) is the owner and occupant of property located in Riverside County, California. This is the primary residence of the homeowner (hereafter Subject Property).

2. The defendant is the Trustee of the county of Riverside, and the other Defendant is the US Trustee for the State of California.

3. Plaintiffs are informed and believe and based thereon allege that said fictitiously named

Defendants [including all persons unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title thereto] authorized, participated in, consented to, and otherwise ratified the actions and inaction, omissions of the named Defendants described herein.

4. Plaintiff is informed and believes and based thereon alleges, that at all times herein mentioned, each Defendant, including the fictitiously named Defendants, was the agent, servant, representative or employee of his or her co-defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency and consent of his or her co-defendants.

5. Venue is proper in this Court under the Code of Civil Procedure §395 and §395.5 because the subject contract was to be performed and/or executed in the County of Riverside, State of California and because the real property that is the subject of this action is situated in the County of Riverside, State of California within the boundaries of this Judicial District; pursuant to C.C.P. §410.10, this Court has jurisdiction over Defendants because each Defendant is a natural person or a business entity that is a resident and/or business entity that is established, incorporated and/or having sufficient minimum contacts with the State Of California so far as to render the exercise of jurisdiction over Defendants by California Courts consistent with traditional notations of fair play and substantial justice; and venue is proper in this Court, pursuant to C.C.P. § 392 because the Subject Property at issue in this case is situated in the City of Riverside, County of Riverside, State of California.

## II. GENERAL ALLEGATIONS

6. On or about September 16, 2005, HOMEOWNER, executed a promissory note and first mortgage

(the "Note"), in the principal sum of $245,000.00.

7. In connection with the execution of the Note, HOMEOWNER executed a deed of trust in

favor of Provident Savings Bank F.S.B.. in the principal balance of $245,000.00, as security for the Note.

8. Plaintiff is informed and believes that at the time, and continuing to this day, the balance

owing on the Note was and is more than the value of the Subject Property.

9. Beginning on or about March 4, 2013. HOMEOWNER contacted WELLS FARGO HOME MORTGAGE d/b/a AMERICA'S SERVICING COMPANY(Servicer) in order to negotiate a loan modification or workout of the Note HOMEOWNER executed.

10. On or about March 5, 2013. HOMEOWNER submitted a loan modification application to his loan servicer America's Servicing Company, care of its loss mitigation department and HOMEOWNER also sent a hardship letter outlining the extenuating financial hardship he was experiencing.

11. After submission of HOMEOWNER'S loan modification application on or about

December 2013, NDEX WEST LLC., caused a Notice of Default/Notice of Sale to be recorded

with County Recorder of RIVERSIDE on 04/10/2014. Document number 2014-0131645

12. Prior to the recordation of the Notice of Default HOMEOWNER did not receive a

declaration from WELLS FARGO N.A. with the Notice of Default on the Subject Property.

13. Defendants did not contact HOMEOWNER to discuss foreclosure alternatives.

14. HOMEOWNER did not receive notice that he/she could have requested documents

Related to the Subject Property and the loan.

15. HOMEOWNER contacted the loan servicer several times and was given many

unjustified delays and inconsistent and vague status updates on HOMEOWNER's file.

16. No single point of contact was ever provided to HOMEOWNER.

17. On 06/01/2013, the loan servicer informed Plaintiff that the loan modification application was denied and that America's Servicing Company d/b/a/ Wells Fargo Bank, would have to re-run the qualifications for income to reconsider their loan modification application.

18. America's Servicing Company, sent to Plaintiff written acknowledgment of receipt of a completed loan modification package within 5 days.

19. No written notice was sent to Plaintiff which identified the reasons for the denial and therefore, Plaintiff did not also have written notice of timing and instructions for requesting an appeal; and the reasons for investor disallowance of the loan modification; information related to the net present value calculation.

20. Plaintiff alleges that America's Servicing Company "dual tracked" him into foreclosure while he was under loan modification review as NDEX WEST LLC. instituted foreclosure proceedings and a Notice of Sale was recorded on or about 07/17/2014 Document number 2014-0266592 in the County Recorder for the County of Riverside. setting a sale date of 08/11/2014 at 9:00 a.m.

21. The Notice of Default was recorded within 30 days of the loan modification denial.

22. Defendants charged HOMEOWNER with late charges while the loan application was

pending.

23. HOMEOWNER did not receive a copy of the executed loan modification agreement.

24. The sale date was postponed for longer than 10 days and no written notice of

postponement was sent to Plaintiff within the 5 days of postponement.

## FIRST CAUSE OF ACTION

### Violation of Civil Code §2923.55

### *(Against all Defendants)*

25. Plaintiff hereby re-alleges and incorporates herein by reference all allegations contained

in the Paragraphs 1-XX as though fully set forth herein.

26. California Civil Code §2923.55, which is part of the California Homeowner's Bill of

Rights (HBOR) provides that a mortgage servicer, mortgagee trustee, beneficiary, or

authorized agent may not record a notice of default until certain notice requirements are

satisfied as defined in §2923.55 et seq.

27. Defendants violated California Civil Code § 2923.55, by, among other things:

a. by recording a Notice of Default on the Subject Property prior to sending

HOMEOWNER a written notice containing the information required in § 2923.55(b)(1); of

America's Servicing company denial of HOMEOWNER's loan modification application in
violation of § 2923.6(c)(1) and (d);

c. by recording a Notice of Default and/or a Notice of Trustee's Sale, or conducting

a Trustee's sale on the Subject Property, after failing to wait the later of 15 days

after the denial of the appeal or 14 days after a first lien loan modification is

offered after appeal but declined by HOMEOWNER in violation of §2923.6

(e)(2);

d. by recording a Notice of Default and/or a Notice of Trustee's Sale, or conducting

a Trustee's sale on the Subject Property without providing HOMEOWNER a

written denial containing the time period within which HOMEOWNER may

appeal and appeal instructions;

32. As a direct and proximate result of Defendants' violation of Civil Code §2923.6,

Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional

amount of this Court, to be proven at time of trial.

### THIRD CAUSE OF ACTION

### Violation of Civil Code §2923.7

### *(Against all Defendants)*

33. Plaintiffs re-allege and incorporate by reference the above paragraphs as set forth fully

herein.

34. Civil Code §2923.7 provides that a loan servicer shall, among other duties, provide a single point of contact and foreclosure alternatives to a borrower.

35. Defendants violated California Civil Code §2923.7, by, among other things, providing HOMEOWNER a single point of contact in violation of §2923.7(a);

36. As a direct and proximate result of Defendants' violation of Civil Code §2923.7, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional amount of this Court, to be proven at time of trial.

**FOURTH CAUSE OF ACTION**

**Violation of Civil Code § 2924.9 and 2924.10**

**(Against all Defendants)**

37. Plaintiffs re-allege and incorporate by reference the above paragraphs as set forth fully herein.

38. Civil Code §2924.9 and 2924.10 imposes certain communication requirements regarding HOMEOWNER's loan modification application:

39. Defendants violated California Civil Code §2924.9 and §2924.10, by, among other things:

a. Failed to acknowledge HOMEOWNER's application within 5 days of receipt; and

b. Failed to advise HOMEOWNER of the loan modification process and important deadlines.

40. As a direct and proximate result of Defendants' violations of Civil Code §2924.9 and 2924.10, Plaintiffs have been damaged in an amount in excess of the minimum The jurisdictional amount of this Court, to be proven at time of trial.

**FIFTH CAUSE OF ACTION**

**Violation of Civil Code § 2924.11**

**(Against all Defendants)**

41. Plaintiffs re-allege and incorporate by reference the above paragraphs as set forth fully herein.

42. Civil Code §2924.11 limits when a notice of default may be recorded by a loan servicer.

43. Defendants violated California Civil Code § 2924.11 by, among other things:

a. by recording a Notice of Default on the Subject Property while HOMEOWNER was in compliance with the terms of a written trial or permanent loan modification, forbearance, or repayment plan in violation of § 2924.11(a);

b. by failing to provide HOMEOWNER with a copy of the fully executed loan modification agreement in violation of §2924.11(c);

c. by failing to record a Rescission of a Notice of Default on the Subject Property, within a reasonable period of time, following HOMEOWNER's execution of a permanent foreclosure prevention alternative agreement in violation of §2924.11 (d);

d. by charging and collecting late fees from HOMEOWNER when HOMEOWNER's complete loan modification was under consideration, when HOMEOWNER's appeal from a denial is pending, when HOMEOWNER is making timely modification payments, or a foreclosure prevention alternative is being evaluated or exercised in violation of §2924.11(f); and,

e. in cases where a borrower has been approved in writing for a first lien loan modification or other foreclosure prevention alternative, and the servicing of that borrower's loan was transferred or sold to NDEX WEST LLC. or another mortgage servicer, the subsequent mortgage servicer failed to continue to honor the

previously approved first lien loan modification or other foreclosure prevention
alternative, in violation of § 2924.11(g).

44. As a direct and proximate result of Defendants' violation of Civil Code §2924.11,
Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional
amount of this Court, to be proven at time of trial.

**SIXTH CAUSE OF ACTION**

**Violation of Civil Code § 2924.17**

**(Against all Defendants)**

45. Plaintiffs re-allege and incorporate by reference the above paragraphs as set forth fully
herein.

46. Civil Code §2924.17 requires declarations to be filed with foreclosure documents.

47. Defendants violated California Civil Code § 2924.17 by, among other things:

a. by preparing, signing, and attaching Declarations to a recorded Notice of Default,
and/or Notice of Trustee's Sale on the Subject Property that was not accurate and
complete in violation of § 2924.17 (a) and (b).

48. As a direct and proximate result of Defendants' violation of Civil Code §2924.17,
Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional
amount of this Court, to be proven at time of trial.

**SEVENTH CAUSE OF ACTION**

**Violation of Bus. & Prof. Code §17200**

**(as to all Defendants)**

49. Plaintiffs re-allege and incorporate by reference the above paragraphs as set forth fully
herein.

50. California Business & Professions Code §17200 et seq., prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice..." and conduct which is "likely to deceive" and is "fraudulent" within the meaning of §17200.

51. As alleged above, Defendants' past and ongoing acts and practices are likely to deceive, constituting a fraudulent business act or practice. Specifically, Defendants have engaged, and continue to engage, in deceptive business practices with respect to mortgage loan servicing, assignments of notes and deeds of trust, foreclosure of residential properties and related matters by, among other things:

a. Instituting improper or premature foreclosure proceedings to generate unwarranted fees;

b. Executing and recording false and misleading documents;

c. Executing and recording documents without the legal authority to do so;

d. Failing to disclose the principal for which documents were being executed and recorded in violation of Civil Code §1095;

e. Demanding and accepting payments for debts that were non-existent;

f. Acting as beneficiaries and trustees without the legal authority to do so;

g. Failing to give proper notice of a trustee's sale and the postponement of the sale pursuant to California Civil Code § 2924(g) and 2924(h);

h. Failing to comply with California Civil Code §2923.5 and §2923.55;

i. Failing to comply with the HAMP guidelines;

j. Misrepresenting the foreclosure status of properties to borrowers; and

52. Plaintiffs allege that by engaging in the above described acts and/or practices as alleged herein, Defendants have violated several California laws and regulations, and that such

Prof. Code §17200.

58. The Defendants' unfair, unlawful, and fraudulent business practices and false and

misleading advertising present a continuing threat to members of public in that other

consumers will be defrauded into having their property improperly sold at foreclosure.

Plaintiffs and other members of the general public have no other adequate remedy of law.

59. Plaintiffs are therefore entitled to compensatory damages, injunctive relief and attorneys'

fees as available under Bus. & Prof. §17200, et. seq. These acts and practices, as

described in this Cause of Action, are unfair and violate §17200 et seq., because

Defendants' policies and practices violate all the statutes previously listed as well as Civil

Code §1709, and consequently, constitute and unlawful business act of practice within

the meaning of Bus. & Prof. § 17200, et. seq.

## IV. PRAYER FOR RELIEF

Wherefore Plaintiff prays the Court grant the following relief:

(1) Set aside or enjoin the trustee sale and trustee deed upon sale and order that title be

placed in the name of Plaintiff with the full right to possess and enjoy the property.

(2) Award actual damages in an amount to be proven at trial.

(3) That the Court enjoin Defendants and their agents, contractors, affiliates, parent

companies, subsidiaries and other related parties from taking any action to sell,

encumber, transfer or alienating the Property and to issue a preliminary injunction until

this case is concluded and the rights of the parties determined.

 (4) Award reasonable costs and attorney fees under the California Homeowner Bill of Rights

("HBOR");

(5) Award punitive damages in an amount sufficient to punish and deter future malicious

conduct;

(6) Award all damages permitted under California Civil Code 2924.19;

(7) Provide restitution and any other relief that may be deemed necessary and proper under

both legal and equitable principles.


RESPECTFULLY SUBMITTED

DATED: _01-14-2015_____

By: _____

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**United States Attorney's Office, 300 N. Los Angeles Street, Room 7516, Los Angeles, California 90012**

A true and correct copy of the foregoing document entitled **UNITED STATES TRUSTEE'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 24, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Helen R. Frazer (TR)        hfrazertrustee@gmail.com,
  mbuenaventura@aalrr.com;C112@ecfcbis.com
- Elan S Levey        elan.levey@usdoj.gov, louisa.lin@usdoj.gov
- United States Trustee (RS)        ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **February 24, 2015**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Elliott R Rodriguez
4216 Wheeler Street
Riverside, CA 92503

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 24, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Hon. Wayne E. Johnson, U.S. Bankruptcy Court, 3420 Twelfth Street, Bin outside of Courtroom 304, Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 24, 2015 | LOUISA LIN | _Louisa L_ |
|---|---|---|
| _Date_ | _Printed Name_ | _Signature_ |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                    **F 9013-3.1.PROOF.SERVICE**